UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| **NATHAN EARLE, TDCJ #1803826,** § | |
| § | |
| *Plaintiff*, § | |
| § | No. P:21-CV-00013-DC |
| **v.** § | |
| § | |
| **WARDEN GARCIA,** § | |
| § | |
| *Defendant*. § | |

### ORDER OF DISMISSAL

BEFORE THE COURT is Plaintiff Nathan Earle's (Earle) *pro se* 42 U.S.C. § 1983 Civil Rights Complaint. (Doc. 1). By Order dated March 4, 2021, this Court ordered Earle to pay the $402.00 filing fee or submit an Application to Proceed *In Forma Pauperis* (IFP) on or before April 5, 2021. (Doc. 3). When Earle failed to respond, the Court rendered a show cause order requiring Earle to show cause why his Complaint should not be dismissed for failure to prosecute or comply with the Court's March 4, 2021 Order. (Doc. 4). To date, Earle has not responded to either Order. Accordingly, the Court orders Earle's section 1983 Complaint **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with the Court's Orders. *See* FED. R. CIV. P. 41(b).

### I. LEGAL STANDARD

The filing fee for any civil action is $402.00. *See* USDC Fee Schedule at https://www.insd.uscourts.gov/sites/insd/files/DCFeeSchedule (last visited May 24, 2021).[1] Every litigant is liable for the filing fee. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). However, a prisoner such as Earle is not required to prepay his filing fee; rather, he may seek to

---

1. The $402.00 fee includes a $52.00 administrative fee, which is waived if a prisoner is granted IFP status. *See* https://www.insd.uscourts.gov/sites/insd/files/DCFeeSchedule.

proceed IFP by filing with the Court an affidavit showing he is unable to pay the fees, accompanied by a certified copy of his trust fund account statement for the preceding six months. *See* 28 U.S.C. § 1915(a)(1), (b). A prisoner who brings a civil lawsuit IFP is subject to paying an initial partial filing fee, and thereafter, monthly payments until the entire $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b); *Bruce v. Samuels*, 577 U.S. 82, 85 (2016); *Robbins*, 104 F.3d at 898 (holding every IFP litigant is liable for filing fee, "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees."). The Court does not have the authority to waive the filing fee. *Robbins*, 104 F.3d at 898. Thus, a prisoner like Earle must either pay the filing fee or file an application to proceed IFP in compliance with section 1915. *See id.*

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may *sua sponte* dismiss an action for failure to prosecute or for failure to comply with any court order. *Griggs v. S.G.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see* FED. R. CIV. P. 41(b). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

## II. DISCUSSION

Earle filed his section 1983 Complaint on February 26, 2021, but neither paid the filing fee nor filed an application to proceed IFP. (Doc. 1). Accordingly, on March 4, 2021, this Court rendered an order requiring Earle, on or before April 5, 2021, to pay the filing fee or submit an IFP application. (Doc. 3). Earle was advised that if he failed to comply with the Court's Order, his action could be dismissed for failure to prosecute and failure to comply with the Court's Order. *Id.*;

*see* FED. R. CIV. 41(b). Earle did not respond. Therefore, on April 15, 2021, the Court rendered a second Order requiring Earle to show cause why his Complaint should not be dismissed for failure to prosecute and failure to comply with the Court's March 4, 2021 Order. (Doc. 4). Although given ample opportunity to pay the filing fee or file a properly supported IFP application, Earle has failed to do so.

**IT IS THEREFORE ORDERED** that Earle's 42 U.S.C. § 1983 Civil Rights Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to FED. R. CIV. P. 41(b) for failure to prosecute and failure to comply with the Court's Orders.

It is so **ORDERED**.

SIGNED this 24th day of May, 2021.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE